UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES DALTON BELL,

    Petitioner,

v.                                          CASE NO. 6:07-cv-1926-Orl-22GJK

UNITED STATES OF AMERICA, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2241 (Doc. No. 7, filed Dec. 4, 2007). Petitioner is a federal prisoner and is currently incarcerated in the United States Penitentiary in Tucson, Arizona. (Doc. No. 7 at 1.)

Petitioner states that he is filing his "'Great Writ' habeas corpus on behalf of ALL current and past federal prisoners (since 1948) whose cases originated in, or who are located within the jurisdiction of, this judicial court." (Doc. No. 7 at 2.) He also states that he is filing a Federal Rule of Civil Procedure 60(b)(4) motion "as 'Next Friend' for persons no longer incarcerated, thus bringing an 'error coram nobis' action."[1] (Doc. No. 7 at 2.)

To entertain a section 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian. *See* 28 U.S.C. § 2241(a).

---

[1] The Court has reviewed the dockets in other federal district courts and notes that Petitioner has filed approximately twenty (20) identical or similar section 2241 petitions in the federal district courts of Arizona, California, Colorado, Florida, Georgia, Oklahoma, Oregon, Pennsylvania, Texas, Utah, and Washington.

For a court to have jurisdiction, a section 2241 petition must be filed in the district where the prisoner is incarcerated or in the district containing the state court which convicted and sentenced the prisoner. *See* 28 U.S.C. § 2241(d). Petitioner is not incarcerated in this district and was not convicted in this district; thus, this Court is without jurisdiction to consider Petitioner's purported section 2241 petition.[2]

Furthermore, Petitioner lacks standing to represent "all current and past federal prisoners" or "persons no longer incarcerated." *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). If Petitioner seeks to challenge the fact or duration of his present confinement, he should file a petition under 28 U.S.C. § 2255 in the district of his conviction.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The Petition for Writ of Habeas Corpus filed by Petitioner James Dalton Bell is **DISMISSED** for lack of jurisdiction. The Clerk of the Court shall enter judgment accordingly.

2.  The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 14th day of February, 2008.

Copies to:
pslc 2/14
Counsel of Record
James Dalton Bell

ANNE C. CONWAY
United States District Judge

---

[2] After reviewing the documents filed in this case, the Court finds that the pleadings cannot be construed as either a complaint or a petition for writ of habeas corpus over which this Court could have jurisdiction.

2